UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| FOR THE USE AND BENEFIT OF ) | |
| POWER SERVICES INCORPORATED ) | |
|   ) | |
| **Plaintiff,** ) | |
|   ) | |
| v. ) | Case No.: 1:07-cv-00304-RWR |
|   ) | |
| HANOVER INSURANCE GROUP, INC. ) | |
| d/b/a HANOVER INSURANCE COMPANY ) | |
|   ) | |
| **Defendant.** ) | |
|   ) | |

### HANOVER INSURANCE GROUP, INC.'S ANSWER TO COMPLAINT

The defendant, Hanover Insurance Group, Inc. ("Hanover"), by counsel, in accordance with the provisions of Rule 12 of the *Federal Rules of Civil Procedure* files its Answer in response to the Complaint filed on behalf of the plaintiff, United States of America for the use and benefit of Power Services Incorporated ("Power Services").

1.  Hanover denies each and every factual allegation and legal conclusion set forth in the Complaint not specifically admitted in this Answer and, therefore, demands strict proof.

### PARTIES

2.  In response to the allegations contained in ¶ 1 of the Complaint, Hanover admits only that the plaintiff, Power Services, is a Maryland corporation. Hanover has insufficient information to either admit or deny the remaining allegations and, therefore, demands strict proof.

3.     Hanover admits the allegations contained in ¶ 2 of the Complaint.

## JURISDICTION

4.     The allegations contained in ¶¶ 3 and 4 of the Complaint constitute legal conclusions to which no response is required.

## BACKGROUND

5.     With regard to the allegations contained in ¶ 5 of the Complaint, Hanover admits only that Military Personnel Services Corporation ("MPSC") entered into a contract with the United States of America numbered GS11 P06 ZGC 0166 (the "Contract"), the terms of which speak for themselves.  To the extent any of the allegations in ¶ 5 are inconsistent with the terms of the Contract, those allegations are expressly denied.  To the extent there are any additional allegations in ¶ 5, Hanover has insufficient information to either admit or deny those allegations and, therefore, demands strict proof.

6.     The allegations contained in ¶ 6 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Hanover has insufficient information to either admit or deny those allegations and, therefore, demands strict proof.

7.     The allegations contained in ¶ 7 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Hanover has insufficient information to either admit or deny those allegations and, therefore, demands strict proof.

8.     Hanover has insufficient information to either admit or deny the allegations in ¶ 8 and, therefore, demands strict proof.

9. In response to the allegations contained in ¶ 9 of the Complaint, Hanover admits only that it issued Payment Bond No. 9000-0045 (the "Bond") naming Military Personnel Services Corp. as principal, for the Contract. The terms of the Bond speak for themselves. The remaining allegations constitute legal conclusions to which no response is required.

10. The allegations contained in ¶ 10 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Hanover has insufficient information to either admit or deny those allegations and, therefore, demands strict proof.

11. The allegations contained in ¶ 11 of the Complaint are denied.

12. The allegations contained in ¶ 12 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Hanover has insufficient information to either admit or deny those allegations and, therefore, demands strict proof.

13. Hanover has insufficient information to either admit or deny the allegations in ¶ 13 and, therefore, demands strict proof.

14. The allegations contained in ¶ 14 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Hanover has insufficient information to either admit or deny those allegations and, therefore, demands strict proof.

15. Hanover admits only that Power Services sent correspondence to Hanover, dated December 19, 2006, in which Power Services stated that it had become necessary to file a claim under the Bond. The remaining allegations contained in ¶ 15 of the

Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Hanover has insufficient information to either admit or deny those allegations and, therefore, demands strict proof.

16. The allegations contained in ¶ 16 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Hanover has insufficient information to either admit or deny those allegations and, therefore, demands strict proof.

17. The allegations contained in ¶ 17 of the Complaint constitute legal conclusions to which no response is required.

## COUNT I – ACTION ON PAYMENT BOND

18. Hanover incorporates its responses to ¶¶ 1 -17 of the Complaint as if fully set forth herein.

19. The allegations contained in ¶ 19 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Hanover has insufficient information to either admit or deny those allegations and, therefore, demands strict proof.

20. The allegations contained in ¶ 20 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Hanover has insufficient information to either admit or deny those allegations and, therefore, demands strict proof.

21. The allegations contained in ¶ 21 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required,

4

Hanover has insufficient information to either admit or deny those allegations and, therefore, demands strict proof.

22. The allegations contained in ¶ 22 of the Complaint constitute legal conclusions to which no response is required.

## **AFFIRMATIVE DEFENSES**

Hanover raises the following affirmative defenses to the Complaint, if and to the extent applicable, and whether they are defenses unique to Hanover, as surety, or jointly shared with MPSC.

1. Power Services' claim is or may be barred by the applicable statute of limitations and/or any applicable contractual limitation period.

2. Power Services' claim is or may be barred by the doctrine of laches.

3. Power Services has or may have failed to comply with all the conditions precedent required for recovery under the payment bond and/or the underlying contract and/or subcontracts including, but not limited to, failure to comply with applicable notice requirements.

4. Power Services has or may have failed to mitigate its damages.

5. Power Services has or may have waived and/or is or may be estopped from asserting its claims under any theory by virtue of its own breaches of contract or its conduct and/or failures to act.

6. Power Services' claims are or may be subject to rights of offset and/or recoupment.

7. Power Services' claims include or may include work which was not within the scope of the Contract, or subcontract(s), if any, with Highland Renovation Corporation and/or MPSC.

8. The damages for which Power Services seeks compensation are not or may not be the direct, natural and/or proximate result of any actions or failures to act on the part of Hanover or its principal, MPSC.

9. Power Services has failed to satisfy all conditions precedent under the Bond and/or the underlying contract including, but not limited to, Power Services' failure to comply with applicable notice requirements and contractual limitations periods.

10. Hanover hereby adopts any and all defenses available to its principal, MPSC.

11. Power Services' claim must fail due to a lack of privity and/or the lack of a direct relationship with Hanover.

12. Power Services' claim must fail to the extent it seeks compensation for labor and/or material that was not supplied, or not intended to be supplied, to the project referenced in the Complaint.

13. Power Services has failed to include or join necessary and/or indispensable parties to this action.

14. Hanover reserves the right to amend its Answer and to add any affirmative defenses that may become available based upon any evidence disclosed during the investigation, discovery or trial.

WHEREFORE and by reason of the foregoing, Hanover Insurance Group, Inc. requests the entry of an order dismissing the Complaint with prejudice and awarding it its costs, expenses and attorneys' fees as the law and/or the contract documents may allow.

> Respectfully submitted,
>
> Hanover Insurance Group, Inc.
>
> By Counsel

\_/s/ Dawn C. Stewart_____
Dawn C. Stewart (DC Bar No. 458555)
STEWART & HENRY, PLLC
1050 Connecticut Ave., N.W.
Suite 1000
Washington, D.C. 20036
Telephone: (202) 772-1080
Facsimile: (202) 521-0616
e-mail: dstewart@stewarthenrylaw.com
*Counsel for Hanover Insurance Group, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy was sent by U.S. Mail, postage prepaid and/or electronically this 27th day of March 2007 to:

> Scott C. Hofer, Esq.
> Quagliano & Seeger, P.C.
> 21355 Ridgetop Circle; Suite 110
> Dulles, VA 20166
> *Counsel for Plaintiff*

> \_\_/s/ Dawn C. Stewart\_\_\_
> Dawn C. Stewart