## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| **FOR THE USE AND BENEFIT OF** ) | |
| **POWER SERVICES INCORPORATED** ) | |
| 5800 Woodcliff Road ) | |
| Bowie, MD 20720, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civ. Action No.: 1:07CV00304** |
| ) | |
| **HANOVER INSURANCE GROUP, INC.** ) | |
| **d/b/a HANOVER INSURANCE COMPANY** ) | |
| 440 Lincoln Street ) | |
| Worcester, MA 01653, ) | |
| ) | |
| **Defendant.** ) | |

---

## MILITARY PERSONNEL SERVICES CORPORATION'S MOTION TO INTERVENE

Military Personnel Services Corporation ("MPSC"), by counsel Niccolò N. Donzella, Siobhan R. Keenan, and Baxter, Baker, Sidle, Conn & Jones, respectfully requests leave to intervene as a party-defendant in the above-referenced cause pursuant to Federal Rule of Civil Procedure 24, and in support hereof states as follows:

### A.  Introduction

1.     The instant case concerns a Miller Act claim, brought pursuant to 40 U.S.C. § 3133(2) by Plaintiff Power Services Incorporated ("Power Services") against Defendant Hanover Insurance Group, the surety that issued the Miller Act bond in question.

2.     Power Services alleges that it was a second tier subcontractor hired by a first tier subcontractor, Highland Renovations Corporation ("Highland Renovations"), to perform electrical work on a construction project located at 1100 Pennsylvania Avenue N.W., 8th Floor, Washington,

DC, also known as the Old Post Office Pavilion Project (the "Project").  Power Services further alleges that it remains unpaid for electrical services rendered on the Project in the amount of $151,958.31 and that it has made the requisite demands, and sent the appropriate notices, necessary to pursue its civil action on the bond.

3.     The Project resulted from a contract entered into between the United States and proposed Intervenor-Defendant, MPSC, the Project's prime contractor.  MPSC retained Highland Renovations as a subcontractor on the Project and Defendant Hanover to issue a payment bond, pursuant to the Miller Act, more specifically identified as Bond No. 9000-0045.

## B.  Argument

4.     Pursuant to Federal Rule of Civil Procedure 24, MPSC seeks to intervene in this lawsuit as a matter of right.  MPSC has the right to intervene in this lawsuit under Federal Rule of Civil Procedure 24(a)(2) for the following reasons:

a.     MPSC has a substantial legal interest in the subject matter of the lawsuit. *Davis v. Butts*, 290 F.3d 1297, 1300 (11th Cir. 2002); *In re Troutman Enters., Inc.*, 286 F.3d 359, 363 (6th Cir. 2002); *John Doe No. 1 v. Glickman*, 256 F.3d 371, 375 (5th Cir. 2001).  More specifically, when MPSC secured the aforementioned bond with Defendant acting as surety, MPSC entered into an indemnity agreement with Defendant.  That indemnity agreement obligates MPSC to protect and save Defendant harmless from any and all loss, cost or expense connected with an action on the subject bond.  Consequently, MPSC has a substantial legal interest in the subject matter of this lawsuit by virtue of its indemnification obligations.  *See Coleman Capital Corp. v. Fidelity & Deposit Co. of Md.*, 43 F.R.D. 407 (S.D.N.Y. 1967);

b.  There is substantial risk that MPSC's ability to protect its interest may be impaired without intervention. *Davis*, 290 F.3d at 1300; *Troutman Enters.*, 286 F.3d at 363; *John Doe*, 256 F.3d at 375. More specifically, as set forth below and in the attached complaint, MPSC has several defenses and claims to this lawsuit which Defendant cannot raise. Should MPSC not be allowed to intervene, these "personal" defenses and claims would be barred in future litigation pursuant to the doctrines of *res judicata*, collateral estoppel and/or *stare decisis*. To this end, without intervention, MPSC's ability to protect its interest may be impaired. *See Coleman Capital Corp.*, 43 F.R.D. 407; and

c.  The present parties in the suit may not adequately represent MPSC's interest. *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 & n.10, 92 S. Ct. 630, 636 & n.10 (1972); *Davis*, 290 F.3d at 1300; *Troutman Enters.*, 286 F.3d at 363; *John Doe*, 256 F.3d at 375. More specifically, and as set forth in the attached complaint, MPSC has, among other things, the following defenses to this lawsuit: payment; ripeness; failure to mitigate; negligence; illegality; and fraud. Because Defendant is surety on the subject bond and not a party to the subject contract relating to the Project, it is unable to present these defenses and claims due to, among other things, lack of privity. To this end, intervention is necessary because Defendant cannot adequately represent MPSC's interest. *See Coleman Capital Corp.*, 43 F.R.D. 407

5.  MPSC's motion to intervene is timely. *NAACP v. New York*, 413 U.S. 345, 365, 93 S. Ct. 2591, 2602-03 (1973). MPSC learned of this suit on March 15, 2007, and filed this motion without delay on April 19, 2007.

3

6.      MPSC's Complaint in Intervention is attached to this motion as Exhibit A.  MPSC's Certificate of Disclosure pursuant to LCvR 7.1 is attached as Exhibit B.

7.      Counsel for MPSC has attempted to obtain the consent of the other parties to this motion to intervene.  Counsel for Hanover has given Hanover's consent; counsel for Power Services has not responded due to an ongoing trial.

## C.  Conclusion

WHEREFORE, for the reasons set forth above, MPSC has established its right to intervene in this cause under and by virtue of Federal Rule of Civil Procedure 24(a).  To this end, MPSC asks that this Court grant its motion to intervene as a party-defendant, and for such other and further relief, be it general or special, at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,


_____/s/_____
Niccolò N. Donzella
DC Bar No. 424054, Federal Bar No. 09320
Siobhan R. Keenan
Baxter, Baker, Sidle, Conn & Jones, P.A.
120 East Baltimore Street
Suite 2100
Baltimore, Maryland 21202
(410) 230-3800 – voice
(410) 230-3801 – facsimile

*Attorneys for Intervenor Defendant/Third-Party Plaintiff Military Personnel Services Corporation*

t

4

## CERTIFICATE OF SERVICE

I hereby certify that, on this 19th day of April, 2007, copies of the foregoing Military Personnel Services Corporation's Motion To Intervene were sent, by first class mail, postage prepaid, to:

> Scott C. Hofer, Esq.
> Quagliano & Seeger, P.C.
> 21355 Ridgetop Circle, Suite 110
> Dulles, VA  20166
> *Counsel for Plaintiff, Power Services Incorporated*
>
> and
>
> Dawn C. Stewart
> Stewart & Henry, PLLC
> 1050 Connecticut Ave., N.W.
> Suite 1000
> Washington, DC  20036
> *Counsel for Defendant, Hanover Insurance Group, Inc.*

_____/s/_____
Niccolò N. Donzella

5

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) <br> **FOR THE USE AND BENEFIT OF** ) <br> **POWER SERVICES INCORPORATED** ) <br> 5800 Woodcliff Road ) <br> Bowie, MD 20720, ) <br> ) <br> **Plaintiff,** ) <br> ) <br> **v.** ) <br> ) <br> **HANOVER INSURANCE GROUP, INC.** ) <br> **d/b/a HANOVER INSURANCE COMPANY** ) <br> 440 Lincoln Street ) <br> Worcester, MA 01653, ) <br> ) <br> **Defendant.** ) | **Civ. Action No.: 1:07CV00304** |

## ORDER

Upon consideration of the motion of Military Personnel Services Corporation ("MPSC") to intervene in this matter as a party defendant, and the response thereto, it is hereby

ORDERED that the motion is granted; and it is further

ORDERED that MPSC is hereby made a defendant to this action.

_____
Richard W. Roberts
United States District Court Judge

Dated: _____

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| **FOR THE USE AND BENEFIT OF** | ) |
| **POWER SERVICES INCORPORATED** | ) |
| 5800 Woodcliff Road | ) |
| Bowie, MD 20720, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **HIGHLAND RENOVATIONS CORPORATION** | ) |
| 6705 Kelly Road | ) |
| Warrenton, Virginia 20187 | ) |
| **d/b/a PRIDE RENOVATIONS &** | ) |
| **DEVELOPMENT, LLC** | ) |
| 5705 Kelly Road | ) |
| Warrenton, Virginia 20187 | ) |
| | ) |
| **Interpleader-Claimant** | ) |
| | ) |
| **Serve:** | ) |
| Registered Agent for | ) |
| Highland Renovations Corporation | ) |
| Robert L. Harper | ) |
| 6705 Kelly Road | ) |
| Warrenton, Virginia 20187 | ) |
| | ) |
| Registered Agent for | ) |
| Pride Renovations & Development, LLC | ) |
| Robert D. Roadman | ) |
| 37 Beckham Street | ) |
| Warrenton, Virginia, 20187 | ) |
| | ) |
| **OMF CONTRACTORS, INC.** | ) |
| 10237 Southard Drive | ) |
| Beltsville, Maryland 20705 | ) |
| | ) |
| **Interpleader-Claimant** | ) |
| | ) |
| **Serve:** | ) |
| Registered Agent | ) |
| CT Corporation System | ) |
| 4701 Cox Road, Suite 301 | ) |
| Glen Allen, Virginia 23060 | ) |
| | ) |
| **SIMPLEX GRINNEL** | ) |

100 Simplex Drive                                    )
Westminster, Massachusetts 01441                     )
                                                     )
       **Interpleader-Claimant**    )
**Serve:**                                           )
Registered Agent                                     )
CT Corporation System                                )
800 S. Gay Street, Suite 2021                        )
Knoxville, Tennessee 37929                           )
                                                     )
**PDK & ASSOCIATES**                                 )
1804 Hawlings Park Court                             )
Brookeville, Maryland 20833                          )
                                                     )
       **Interpleader-Claimant**    )
**Serve:**                                           )
Registered Agent                                     )
Rose Peak                                            )
1804 Hawlings Park Court                             )
Brookeville, Maryland 20833                          )
                                                     )
       **v.**                        )     **Civ. Action No.: 1:07CV00304**
                                                     )
**HANOVER INSURANCE GROUP, INC.**                    )
**d/b/a HANOVER INSURANCE COMPANY**                  )
440 Lincoln Street                                   )
Worcester, MA 01653,                                 )
                                                     )
       **Defendant**                 )
                                                     )
**MILITARY PERSONNEL SERVICES**                      )
**CORPORATION**                                      )
6066 Leesburg Pike                                   )
Falls Church, Virginia 22041                         )
                                                     )
       **Intervenor-Defendant.**     )
                                                     )

**MILITARY PERSONNEL SERVICES**                      )
**CORPORATION**                                      )
6066 Leesburg Pike                                   )
Falls Church, Virginia 22041                         )
                                                     )
       **Third-Party Plaintiff**     )
                                                     )
**v.**                                               )
                                                     )

**HIGHLAND RENOVATIONS CORPORATION** )
6705 Kelly Road )
Warrenton, Virginia 20187 )
**d/b/a PRIDE RENOVATIONS &** )
**DEVELOPMENT, LLC** )
5705 Kelly Road )
Warrenton, Virginia 20187 )
 )
       **Third-Party Defendant.** )
_____)

## MILITARY PERSONNEL SERVICES CORPORATION'S COMPLAINT IN INTERVENTION, COMPLAINT IN INTERPLEADER AND THIRD-PARTY COMPLAINT

Intervenor-Defendant Military Personnel Services Corporation ("MPSC"), by counsel Niccolò N. Donzella, Siobhan R. Keenan, and Baxter, Baker, Sidle, Conn & Jones, hereby asserts its Complaint in Intervention, Complaint in Interpleader, and Third-Party Complaint pursuant to Federal Rules of Civil Procedure 22, 24 and 57, 28 U.S.C. §§ 1331, 1335, and 40 U.S.C. § 3131 and in support thereof states as follows:

### I.  Introduction

1.      As originally filed, this case concerns a Miller Act claim brought pursuant to 40 U.S.C. § 3133(2) by Plaintiff Power Services Incorporated ("Power Services") against Defendant Hanover Insurance Group, the surety that issued the Miller Act bond in question.

2.      Power Services alleges that it was a second tier subcontractor hired by a first tier subcontractor, Highland Renovations Corporation ("Highland"), to perform electrical work on a construction project located at 1100 Pennsylvania Avenue N.W., 8th Floor, Washington, DC, also known as the Old Post Office Pavilion Project (the "Project").  Power Services further alleges that it remains unpaid for electrical services rendered on the Project in the amount of $151,958.31 and that it has made the requisite demands, and sent the appropriate notices, necessary to pursue its civil action on the bond.

3.      The Project resulted from a contract entered into between the United States and Intervenor-Defendant, MPSC, the Project's prime contractor.  MPSC retained Highland as a subcontractor on the Project, and it arranged for Defendant Hanover to issue a payment bond, pursuant to the Miller Act, more specifically identified as Bond No. 1748056.

4.      MPSC has intervened as a defendant in this case both to defend its surety, Hanover, and to protect its own interests.  In addition, MPSC is impleading as claimants against the bond four parties known to have asserted such claims, and it does so to ensure that all potential claims and interests are adjudicated in this single action.  Finally, MPSC is asserting its claims against Highland by way of a third party complaint.

## II.      Complaint in Intervention/Interpleader

## A.  The Parties

5.      Plaintiff Power Services is a corporation organized and existing under the laws of the State of Maryland, maintains its principal place of business in Bowie, Maryland, has already appeared in this case, and may be served with this pleading through its counsel of record.

6.      Interpleader-Claimant Highland is a corporation organized and existing under the laws of the Commonwealth of Virginia, maintains its principal place of business at 6705 Kelly Road, Warrenton, Virginia 20187.  Upon information and belief, Highland is also doing business as Pride Renovations & Development, LLC ("Pride"), a limited liability company organized and existing under the laws of the Commonwealth of Virginia whose privileges and status have been cancelled. Pride maintains its principal place of business at 5705 Kelly Road, Warrenton, Virginia, 20187. Highland and Pride will be referred to hereinafter collectively as "Highland."

7.      Interpleader-Claimant, OMF Contractors, Inc. ("OMF") is a corporation organized and existing under the laws of the District of Columbia and maintains its principal place of business at 10237 Southard Drive, Beltsville, Maryland 20705.

8.     Interpleader-Claimant, Simplex Grinnell ("Simplex"), is a business organized and existing under the laws of the State of Delaware and maintains its principal place of business at 100 Simplex Drive, Westminster, Massachusetts 01441.

9.     Interpleader-Claimant, PDK & Associates ("PDK"), was a corporation organized and existing under the laws of the District of Columbia whose corporate privileges and status have been forfeited.  PDK maintains its principal place of business at 1804 Hawlings Park Court, Brookeville, Maryland 20833.

10.     Defendant, Hanover Insurance Group, Inc. d/b/a Hanover Insurance Company ("Hanover") is a business organized and existing under the laws of the Commonwealth of Massachusetts, maintains its principal place of business in Worcester, Massachusetts, has already appeared in this case, and may be served with this pleading through its counsel of record.

11.     Intervenor-Defendant MPSC is a duly authorized corporation organized and existing under the laws of the Commonwealth of Virginia, which maintains its principal place of business at 6066 Leesburg Pike, Falls Church, Virginia  22041.

**B.  Jurisdiction and Venue**

12.     Plaintiff Power Services asserts that this Court has subject matter jurisdiction over its claims pursuant to the Miller Act, 40 U.S.C. § 3133.  To the extent that that assertion is valid, this Court would then also have subject matter jurisdiction over the claims of the Interpleader-Claimants, as they will be directed at the same bond. In addition, this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, as MPSC's interpleader action arises under Federal Rule of Civil Procedure 22 and 28 U.S.C. § 1335.  Statutory interpleader under 28 U.S.C. § 1335(a) is appropriate, because at least two of the Claimants are of diverse citizenship, as defined by 28 U.S.C. § 1332(a), and because they are claiming or may claim to be entitled to the proceeds of a federal construction project bond valued at $500 or more.  Rule interpleader is appropriate because the Claimants' claims

5

and/or potential claims arise under the Miller Act.  Accordingly, this Court has Federal Question jurisdiction over both MPSC's statutory and Rule interpleader claims pursuant to 28 U.S.C. § 1331.

13.     This Court also has supplemental federal question jurisdiction over all non-Miller Act claims and defenses asserted herein, as all pendent claims, pendent parties and ancillary parties identified herein arise from the same nexus of operative facts as the Miller Act claims at issue.  Such claims and parties, therefore, are part of the same "case or controversy" over which it is appropriate for this Court to exercise jurisdiction.  *See* 28 U.S.C.  § 1367(a); *State Nat. Ins. Co. v. Yates,* 391 F.3d 577, 579 (5th Cir.).

14.     Venue is proper in this Court under and by virtue of 28 U.S.C. §§ 1391, 1397 and 40 U.S.C. § 3133 because the Project is located in this district, and because one or more of the Claimants reside in this district.

15.     Further, for purposes of judicial economy, it is best that all claims and controversies arising out of the federal construction project at issue be heard in one forum.  Failing to do so would subject that Project, MPSC, Hanover and the Project's bond at issue to risk of multiple, conflicting claims as well as inconsistent judgments.

### C. Facts Pertinent to Intervention and Interpleader

16.     Intervenor-Defendant MPSC hereby adopts and incorporates by reference the allegations set forth in paragraphs 1 through 16, as though they were set forth fully herein.

17.     MPSC intervenes in this lawsuit as a party defendant against claims raised by Plaintiff Power Services against MPSC's Miller Act bond.  In addition, MPSC impleads as claimants against the same bond Highland, OMF, Simplex and PDK, as identified above.

18.     The property subject to this Interpleader is Payment Bond Number 1748056, which was issued by Hanover to secure the Project.  The value of this bond is equal to the contract price: $401,452.00.

19.    Claimants have submitted and/or will submit multiple claims against the bond at issue in this action.  Claimants allege and/or may allege that they have not been paid for work and/or services performed on the Project.  The totals Claimants allege to be owed are as follows:

    a.      Highland = $650,000.00;
    b.      OMF = $39,425.00;
    c.      Simplex = $15,578.25; and
    d.      PDK= $47,801.75.

20.    Claimants' interests in the bond at issue are adverse.  These adverse interests arise in part because the amount claimed by Highland includes sums claimed, or which could be claimed, by the other Claimants.  Further, the amount claimed by Highland exceeds the amount of the bond and the amount agreed upon for the Project.  These adverse claims to the same funds, *i.e.*, the bond, make interpleader appropriate.

21.    MPSC has a reasonable fear of multiple liability because of the aforementioned adverse claims.  As more specifically set forth above, there is a reasonable basis to believe that, if these Claimants are not made parties herein and their claims and/or potential claims are not resolved in this matter, there is a high likelihood of multiple suits and multiple, inconsistent judgments.  To avoid this, and as a matter of judicial economy, interpleader is appropriate to avoid such multiple, inconsistent liability.

22.    MPSC is unsure which Claimant, if any, is entitled to recover on the bond at issue.

23.    MPSC is timely in filing this complaint, as it has done so within a reasonable time after receiving notice of the aforementioned adverse claims.

24.    There is no need for MPSC to place property into the registry of this Court or to post a bond, because the property and/or fund at issue in this interpleader is a bond, which, if any Claimant demonstrates a viable claim for such, is already available to satisfy said claims.

**D. Intervenor's Defenses**

7

25.     Intervenor-Defendant MPSC hereby adopts and incorporates by reference the allegations set forth in paragraphs 1 through 24, as though they were set forth fully herein.

26.     Intervenor-Defendant MPSC hereby adopts for itself and re-asserts all of the claims and defenses asserted by Hanover in its Answer to the Complaint.  MPSC hereby incorporates those claims and defenses by reference as if set forth herein completely.  Intervenor, MPSC, also asserts its own affirmative defenses against Power Services' claims, should such be necessary.

## Affirmative Defenses

27.     Power Services' claims are not ripe, because they arise or may arise, in whole or in part, from change orders for work on the Project that were not and are not approved by the United States.

28.     Power Services has or may have waived its rights for payment, or may be estopped from asserting its claims under any theory by virtue of its own breaches of contract, its conduct and/or its failures to act.

29.     Power Services' claims arise or may arise, in whole or in part, from change orders for work on the Project that were not and are not approved by the United States, and thus do not comport with the terms of the contract or contracts at issue.

30.     Power Services has or may have failed to comply with all the conditions precedent required for recovery under the payment bond and/or the underlying contract or subcontracts including, but not limited to, failure to comply with applicable notice requirements.

31.     Power Services' claims include or may include work which was not within the scope of the contract or subcontracts at issue.

32.     Some or all of the labor and/or materials Power Services allegedly provided to the Project may have been defective.

33.     Power Services has failed to satisfy all conditions precedent under the bond at issue and/or the underlying contract including, but not limited to, Power Services' failure to comply with applicable notice requirements and contractual limitations periods.

34.     Power Services' claims must fail to the extent that it seeks compensation for labor and/or materials that were not supplied, or were not intended to be supplied, to the Project.

35.     Power Services' claims are or may be barred or reduced by the doctrines of offset and/or recoupment.

36.     Power Services' claims must fail due to a lack of privity and/or the lack of a direct relationship with MPSC.

37.     Power Services' claims must fail due to a lack of privity and/or the lack of a direct relationship with Hanover.

38.     The damages for which Power Services seeks compensation are not or may not be the direct, natural and/or proximate result of any actions or failures on the part of MPSC or its surety, Hanover.

39.     Power Services' claims must fail, because they are or may be barred by the applicable statutes of limitations and/or any applicable contractual limitation period.

40.     Power Services' claims must fail because they are or may be barred by the doctrine of laches.

41.     Power Services' claims must fail because they have or may have been paid for the work and materials alleged.

42.     Power Services' claims must fail in whole or in part because of its own negligence for failure to originally estimate and/or calculate appropriate wage rates for the Project under the Davis-Bacon Act.

43.     Power Services has or may have failed to mitigate its damages.

9

44.     Power Services' claims are or may be barred by fraud.

45.     Power Services' claims are or may be barred by the doctrines of waiver and ratification.

46.     Power Services' claims are or may be barred by the doctrine of unclean hands.

47.     Allowing Power Services to collect all or part of the sums it claims to be owed would constitute unjust enrichment.

48.     Power Services has failed to include or join necessary and/or indispensable parties to this action.

49.     MPSC hereby adopts any and all defenses available to its surety, Hanover.

50.     MPSC reserves the right to amend this pleading and/or its affirmative defenses as necessary and as determined by evidence disclosed during the investigation, discovery or trial of this cause.

WHEREFORE, MPSC respectfully request that all of plaintiff's claims against it and Hanover be dismissed, with prejudice, and that MPSC and Hanover be awarded costs, attorneys' fees, and such other relief as the Court may deem appropriate.

## III.  Third-Party Complaint

51.     Intervenor-Defendant MPSC hereby adopts and incorporates by reference the allegations set forth in paragraphs 1 through 50, as though they were set forth fully herein..

## A.  Parties

52.     Third Party Plaintiff MPSC MPSC is a duly authorized corporation organized and existing under the laws of the Commonwealth of Virginia, which maintains its principal place of business at 6066 Leesburg Pike, Falls Church, Virginia  22041.

53.     Third Party Defendant Highland Renovation Corporation ("Highland") is a corporation organized and existing under the laws of the Commonwealth of Virginia, maintains its

principal place of business at 6705 Kelly Road, Warrenton, Virginia 20187. Upon information and

belief, Highland may also be doing business as Pride Renovations & Development, LLC ("Pride"), a

limited liability company organized and existing under the laws of the Commonwealth of Virginia

whose privileges and status have been cancelled. Pride maintained its principal place of business at

5705 Kelly Road, Warrenton, Virginia, 20187. Highland and Pride will be referred to hereinafter

collectively as "Highland."

### B. Jurisdiction and Venue

54.     This court has subject matter jurisdiction over this action pursuant to the Miller Act,

40 U.S.C. § 3133(b), as well as under 28 U.S.C. § 1331, as third-party plaintiff's claim arises under

federal statute.

### C. Factual Allegations

55.     MPSC hereby adopts and incorporates by reference the allegations set forth in

paragraphs 1 through 54, as though they were set forth fully herein.

56.     On or about June 20, 2006, MPSC and Highland entered into a subcontract (the

"Subcontract") for a federal government construction project located at 1100 Pennsylvania Avenue

N.W., 8th Floor, Washington, DC, also known as the Old Post Office Pavilion Project (the

"Project").

57.     All of Highland's duties and obligations with respect to the Project were controlled

by Contract Number GS-11P-06-ZG-C-0166 (the "General Contract"), entered into between MPSC

and the United States and incorporated into the Subcontract between Highland and MPSC, as well as

any and all statutes and regulations related to federal construction projects. These statutes and

regulations include, but are not limited to, the Davis-Bacon Act, which sets by law minimum wages

to be paid on the Project.

11

58.    Highland's duties and obligations under the Subcontract included, but were not limited to, the retention, handling, supervision and payment of subcontractors for the Project.

59.    Highland had no authority, and was never given the authority, to change the terms of the General Contract, or to depart from its obligations under any applicable law or statute.

60.    Any proposed changes to the General Contract had to be submitted through MPSC for approval to the United States as per the terms of that General Contract and the contract between Highland and MPSC.

61.    Prior to the time work began on the Project, Highland represented that it understood its duties and obligations under the terms of the General Contract and all applicable statutes and regulations, including the requirements of the Davis-Bacon Act as it applied to the Project.

62.    Highland agreed to comply with all terms of the General Contract, as well as all applicable statutes and regulations.  Highland also agreed to perform its duties and obligations for all amounts set forth in the General Contract, even though those amounts were less than its original bid on the Project.

63.    Despite its clearly defined duties and obligations, Highland negligently and/or intentionally mismanaged the Project.  Highland's malfeasance included, but was not limited to, failing to properly supervise and pay subcontractors it retained to work on the Project, and failing to complete the work in a proper and timely fashion.

64.    MPSC has paid Highland at least $360,856.13 under the General Contract and the Subcontract.  Highland was obligated to use this money to pay the subcontractors it retained on the Project.  Highland, however, has failed to pay some and/or all of this amount to subcontractors on the Project.  For these reasons, among others, Highland was terminated for cause on April 4, 2007.

65.    Among the subcontractors Highland failed to pay, despite its obligation to do so, was Commercial Carpets of America ("CCA").  As a result of Highland's misconduct and breaches of

contract, MPSC has or may become obligated to pay CCA $77,500.00 for work it performed on the Project. This amount is in addition to the money MPSC paid Highland, part of which was intended for CCA.

66.    Highland's refusals and/or failures to pay CCA and/or other subcontractors on the Project are breaches of the General Contract, the Subcontract, as well as any agreements Highland may have had directly with the subcontractors.

67.    Despite its breaches of contract and its failures to pay CCA and/or other subcontractors on the Project, Highland has improperly and unjustly submitted invoices to MPSC regarding the Project. These invoices were for work and material not included in the General Contract. Highland submitted these invoices without first going through the proper procedures for change orders required by the United States and by the General Contract. Thus, Highland has failed to meet any conditions precedent for the sums wrongfully contained in its invoices.

68.    In addition to submitting invoices for work and materials not approved under the General Contract, Highland has also submitted invoices claiming additional money for Davis-Bacon wages. Highland has submitted such invoices claiming it was unaware that the Project required payment of Davis-Bacon wages. Not only are these claims highly suspect and contrary to law, but they are contrary to Highland's representations made prior to the start of the Project.

## COUNT I
### (Breach of Contract)

69.    MPSC hereby adopts and incorporates by reference the allegations set forth in paragraphs 1 through 68, as though they were set forth fully herein.

70.    MPSC and Highland entered a valid and binding written agreement, the Subcontract, pursuant to which Highland was to perform certain services and duties as MPSC's subcontractor.

71.     As set forth above, Highland failed to perform its obligations and duties under the Subcontract, and General Contract as incorporated therein, and did so to such an extent as to result in termination for cause.

72.     These failures constituted material breaches of Highland's duties and obligations under the Subcontract, General Contractor, and other governing agreements, statues, and regulations.

73.     Highland's failure to pay certain of its subcontractors on the Project has exposed MPSC to liability from claims by those unpaid subcontractors, by way of MPSC's Miller Act bond, as set forth above but ultimately in an amount to be proved at trial.

74.     Highland's failure to perform its obligations and duties with respect to the timeliness and quality of its performance has exposed MPSC to other losses and/or liabilities, in an amount to be proved at trial.

WHEREFORE, MPSE demands that judgment be entered in its favor against Highland, jointly and severally, in an amount to be proven at trial but expected to be no less than $360,856.13, plus pre- and post judgment interest, costs, attorneys fees, and such other relief as this Court may deem appropriate.

## COUNT II
### (*Quantum Meruit*/Unjust Enrichment)

75.     MPSC hereby adopts and incorporates by reference the allegations set forth in paragraphs 1 through 74, as though they were set forth fully herein.

76.     In making payments to Highland for services performed under the Subcontract, MPSC conferred a benefit upon Highland.

77.     These payments were made to Highland under circumstances that reasonably put Highland on notice that MPSC expected the payments to be used, in part, to pay Highland's subcontractors.

78.    Allowing Highland to retain those payments without paying its subcontractors, and thus exposing MPSC and its bond to claims from those unpaid subcontractors, would be inequitable.

WHEREFORE, MPSE demands that judgment be entered in its favor against Highland, jointly and severally, in an amount to be proven at trial but expected to be no less than $360,856.13, plus pre- and post judgment interest, costs, attorneys fees, and such other relief as this Court may deem appropriate.

## COUNT III
### (Fraud)

79.    MPSC hereby adopts and incorporates by reference the allegations set forth in paragraphs 1 through 78, as though they were set forth fully herein.

80.    Prior to entering into the Subcontract with MPSC, and for the express purpose of inducing MPSC to enter the Subcontract, Highland made a variety of material, false representations of fact to MPSC, including the representation that it would abide by the requirements of the General Contract and all governing laws and regulations.

81.    Additionally, Highland represented that it would ensure the payment of Davis-Bacon wages on the Project, that it would submit change orders as required by contract before seeking payment for the work beyond the terms of the contracts at issue, and that it would supervise and pay all subcontractors on the Project.

82.    Those representations were material to MPSC.

83.    When Highland made these misrepresentations to MPSC, it knew they were false or made them recklessly, without knowledge of their truth.  Highland made its misrepresentations intending that MPSC would act on them.  MPSC reasonably relied on Highland's misrepresentations and did so to its detriment.

WHEREFORE, MPSE demands that judgment be entered in its favor against Highland, jointly and severally, in an amount to be proven at trial but expected to be no less than $360,856.13, plus pre- and post judgment interest, costs, attorneys fees, and such other relief as this Court may deem appropriate.

## COUNT IV
### (Declaratory Judgment)

84.     MPSC hereby adopts and incorporates by reference the allegations set forth in paragraphs 1 through 83, as though they were set forth fully herein.

85.     As set forth above, Highland has asserted a claim against MPSC for additional funds needed to meet Highland's obligation to pay Davis-Bacon wage scales to laborers on the Project, among other things.

86.     A rather astonishing aspect of these claims indicates that Highland failed to meet those requirements during the time it performed on the contract, despite having verbally promised to do so and despite being on actual and/or constructive notice of its obligation to do so.

87.     To the extent that Highland submitted invoices relating to wages for payment by the Government and received said payment, it would appear that those invoices were improper and not in compliance with governing law and regulation.

88.     Upon information and belief, Highland may have submitted other kinds of improper invoices for payment by the Government.

89.     In order to avoid any potential liability associated with the processing and submission of such improper invoices, MPSC seeks a declaratory judgment that it had no part in and bears no responsibility for Highland's conduct.

90.     This matter is an actual controversy and is ripe for consideration, as MPSC will raise the improper nature of Highland's invoices as defenses, on behalf of MPSC and Hanover, to Highland's claims for additional funds.

91.     In addition, there is the matter of whether MPSC has any rights or obligations of its own with respect to the improper invoices.

WHEREFORE, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201, MPSC seeks a declaratory judgment to determine its role, rights, and/or obligations with respect to Highland's improper invoices, if any, including costs, attorneys fees, and such other relief as this Court may deem appropriate.

Respectfully submitted,


_____/s/_____
Niccolò N. Donzella
DC Bar No. 424054, Federal Bar No. 09320
Siobhan R. Keenan
Baxter, Baker, Sidle, Conn & Jones, P.A.
120 East Baltimore Street
Suite 2100
Baltimore, Maryland 21202
(410) 230-3800 – voice
(410) 230-3801 – facsimile

*Attorneys for Intervenor Defendant/Third-Party Plaintiff Military Personnel Services Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 19th day of April, 2007, a copies of the foregoing Military Personnel Services Corporation's Complaint In Intervention, Complaint In Interpleader And Third-Party Complaint were sent, by first class mail, postage prepaid, to:

Scott C. Hofer, Esq.
Quagliano & Seeger, P.C.
21355 Ridgetop Circle, Suite 110
Dulles, VA  20166
*Counsel for Plaintiff, Power Services Incorporated*

and

Dawn C. Stewart
Stewart & Henry, PLLC
1050 Connecticut Ave., N.W.
Suite 1000
Washington, DC  20036
*Counsel for Defendant, Hanover Insurance Group, Inc.*


_____/s/_____
Niccolò N. Donzella

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>**FOR THE USE AND BENEFIT OF**<br>**POWER SERVICES INCORPORATED** )<br><br>            **Plaintiff,**<br><br>            **v.**<br><br>**HANOVER INSURANCE GROUP, INC.**<br>**d/b/a HANOVER INSURANCE COMPANY ,**<br>**Et Al.**<br><br>            **Defendant.**<br>_____<br><br>**MILTARY PERSONNEL SERVICES**<br>**CORPORATION,**<br><br>            **Third-Party Plaintiff,**<br><br>**v.**<br><br>**HIGHLAND RENOVATIONS CORP, ET AL.**<br><br>            **Third-Party Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)  **Civ. Action No.: 1:07CV00304**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

<u>**CERTIFICATE REGARDING RULE LCvR 7.1**</u>

        I, the undersigned, counsel for Military Personnel Services Corporation ("MPSC") certify

that to the best of my knowledge and belief, the following are parent companies, subsidiaries or

affiliates of MPSC which have any outstanding securities in the hands of the public:

        NONE.

These representations are made in order that judges of this court may determine the need for recusal.

Respectfully submitted,

_/s/_____

Niccolò N. Donzella
DC Bar No. 424054, Federal Bar No. 09320
Siobhan R. Keenan
120 East Baltimore Street, Suite 2100
Baltimore, Maryland    21202
(410) 230-3800  (voice)
(410) 230-3801 (facsimile)

*Attorneys for Intervenor Defendant/Third-Party Plaintiff Military Personnel Services Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 19th day of April, 2007, copies of the foregoing Military Personnel Services Corporation's Certificate Regarding Rule LCvR 7.1 were sent, by first class mail, postage prepaid, to:

Scott C. Hofer, Esq.
Quagliano & Seeger, P.C.
21355 Ridgetop Circle, Suite 110
Dulles, VA  20166
*Counsel for Plaintiff, Power Services Incorporated*

and

Dawn C. Stewart
Stewart & Henry, PLLC
1050 Connecticut Ave., N.W.
Suite 1000
Washington, DC  20036
*Counsel for Defendant, Hanover Insurance Group, Inc.*

_____/s/_____
Niccolò N. Donzella

2