UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>FOR THE USE AND BENEFIT OF )<br>POWER SERVICES INCORPORATED )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HANOVER INSURANCE GROUP, INC. )<br>d/b/a HANOVER INSURANCE COMPANY )<br>)<br>Defendant. )<br>) | Civ. Action No.: 1:07CV00304 |

**MILITARY PERSONNEL SERVICES CORPORATION'S REPLY TO PLAINTIFF'S OPPOSITION TO MILITARY PERSONNEL SERVICES CORPORATION'S MOTION TO INTERVENE**

**Introduction and Summary**

Plaintiff is a second-tier subcontractor seeking payment under a Miller Act bond from the surety that issued the bond. Plaintiff is not the only one seeking such relief. Typical of Miller Act construction cases, this one involves multiple parties with overlapping or conflicting claims and obligations. The efficient way of resolving it is to bring these parties together in one unified action where, through a well-managed discovery and trial process, they can establish who owes what to whom and from what source it must be paid. For that reason, MPSC, the general contractor for the project at issue, seeks to intervene as a party defendant and to bring in the other claimants and potential sources of payment into one unified action. Plaintiff, on the other hand, urges this Court to allow it to cut to the head of the line, so to speak, and isolate itself from the complexities of the case – which is the likely reason that plaintiff sued the surety and not the general contractor in the first place – but plaintiff's approach is unworkable, impractical, and unfair.

Plaintiff's approach is unworkable, as its claims cannot be fully adjudicated without the

involvement of the proposed third party defendant, first-tier subcontractor Highland. Over twenty *per cent* of the amount claimed by plaintiff is for "change order" work over and above the base contract that has not been approved by the owner. As plaintiff concedes in its opposition, it cannot recover such claims under the bond and must instead seek recovery under its agreement with the first tier subcontractor with which it is in privity. Thus, keeping MPSC and Highland out of this action means either that plaintiff must forego a substantial portion of its claim or pursue Highland in what would be an inefficient second action.

  Plaintiff's approach is impractical, as one way or another, these parties are going to have to come together to resolve this dispute as the amount of extant claims exceeds the amount of the bond. Plaintiff has triggered MPSC's indemnity obligations to Hanover, which in turn resulted in Hanover advising MPSC that it intended to bring MPSC into the action as a third party defendant. MPSC offered to instead enter the case as an intervenor, where it could defend both Hanover and its own interests, not the least of which is avoiding having to pay twice for some of the work at issue in this case, as well as needless duplication and attorneys fees associated with defending Hanover and itself in separate actions concerning the same bond. If MPSC is denied the opportunity to enter as an intervenor, it is likely that Hanover will pursue a third party complaint against MPSC in this action and, ultimately, that MPSC will pursue claims against the other proposed parties in this action. Alternatively, MPSC will be forced to pursue claims against Highland and the proposed parties in a parallel action in this Court, which is likely to be assigned to this Court as a related action, if not consolidated with the instant case at least for purposes of discovery.

  Finally, plaintiff's approach is unfair, in that it seeks to force MPSC and the other claimants to bear the expense of pursuing a parallel action when it must realize that, at the very least, it would be a witness, if not a party, to such an action. It is also unfair in that claimants in the parallel action

would be aiming at the same bond and, as the dollar amount of claims asserted thus far exceeds the amount of the bond, it creates the risk of inconsistent judgments. A parallel action is going to involve Hanover as a party, and it is going to involve common issues of fact and law.

Accordingly, and for the sake of fairness and efficiency, MPSC, by counsel Niccolò N. Donzella, Siobhan R. Keenan, and Baxter, Baker, Sidle, Conn & Jones, respectfully requests leave to intervene as a party-defendant in the above-referenced cause pursuant to Federal Rule of Civil Procedure 24.

## REPLY

### A. Plaintiff's Position Is Unworkable and Impractical, As It Will Force The Institution Of A Third Party Action Or A Related Parallel Action.

Rule 24 FED. R. CIV. P. is intended to prevent multiple lawsuits when common questions of law or fact are involved. *Deus v. Allstate Ins. Co.,* 15 F.3d 506, 525 (5th Cir. 1994); *Washington Elec. Coop. v. Massachusetts Mun. Wholesale Elec. Co.,* 922 F.2d 92, 97 (2d Cir. 1990). By allowing parties with a *practical* interest in the outcome of a particular case to intervene, a court can often prevent or simplify future litigation involving related issues. *U.S. v. City of Los Angeles,* 288 F.3d 391, 397-98 (9th Cir. 2002) (emphasis in original). Indeed, a liberal approach to intervention serves two important interests: the efficient resolution of issues and broadened access to the courts. *Id.* Accordingly, courts, including this one, generally construe 24 FRCP broadly in favor of intervenors. (*Id.*); *Independent Petrochemical Corp. v. Aetna Casualty & Surety Co.,* 105 F.R.D. 106, 110 (D.D.C. 1985).

Plaintiff's opposition, on the other hand, fails to come to terms with the important practical considerations, including the efficient use of judicial and party resources, that govern the application of Rule 24. *See City of Los Angeles,* 288 F.3d 397-98; *Deus,* 15 F.3d at 525; *Washington Elec.*

3

*Coop.,* 922 F.2d 97; *Independent Petrochemical Corp.,* 105 F.R.D. at 110. Instead, plaintiff focuses quite narrowly on its interest in pursuing its claim in isolation from other claims, issues, and parties. But in so doing, plaintiff appears to assume that, if MPSC's motion to intervene is denied, plaintiff will be permitted to pursue Hanover in isolation. That is simply unrealistic.

The fact is that the Miller Act bond for this project has a finite number of dollars and, due to acts and omissions by the first-tier subcontractor and proposed third party defendant Highland, a number of second-tier subcontractors and suppliers have not been paid, despite the fact that Highland itself was paid for this work. Moreover, their collective claims exceed the amount of the bond. These interrelated parties cannot be expected to simply wait out this lawsuit and then fight over the remaining bond amount.

Perhaps most immediately, Defendant Hanover has grounds to bring MPSC into this action as a third-party defendant pursuant to Fed. R. Civ. P. 14 based on MPSC's duty to indemnify Hanover in this case. Plaintiff has not contended that it would have grounds to block a third party complaint by Hanover against MPSC, nor do such grounds suggest themselves. A third party action by Hanover against MPSC would be similar in effect to granting the motion to intervene. Once sued as a third party defendant, MPSC would assert its claims against Highland and the other creditors. Again, it is unknown whether plaintiff believes it has grounds to oppose such action, but such an approach seems reasonable and efficient given the gap between the bond amount and the extant claims and the common factual and legal issues that will arise with respect to some parties and claims.[1] Moreover, MPSC's duty to indemnify Hanover gives MPSC a very real interest in this

---

[1] Given the discrepancy between the amount of the bond and the amount of the extant claims, the true value of each individual claim will be of common concern. Determining that value will involve questions of authority, contractual compliance, and, perhaps, issues arising among or between individual claimants. For example, over twenty *per cent* of plaintiff's claim is based on change

4

case. Although plaintiff attempts to dispose of this important interest by characterizing MPSC's duty to indemnify as a "contingent liability" triggered only if plaintiff prevails against the bond, plaintiff's assertion is both irrelevant and untrue. It is irrelevant, as intervention is allowed under FED. R. CIV. P. 24, even if the claimed interest is contingent. *See United States v. Union Elec. Co.,* 64 F.3d 1152, 1162 (8th Cir. 1995).[2] It is untrue, as Hanover has tendered its defense in this action to MPSC under the parties' indemnity agreement and MPSC has accepted Hanover's defense.

But even if plaintiff is successful in preventing intervention, the result will only be to force MPSC and/or the other claimants to initiate a parallel action in this Court, which sits in the district where the project occurred, while the bond is at full strength, at which point plaintiff's isolation from these related parties and claims becomes less and less sustainable or real. Due to the risk of inconsistent judgments with respect to the bond, as well as common factual and legal issues, plaintiff and Hanover will need to be involved in any parallel action. By the same token, MPSC and Highland would need to be involved in the instant lawsuit, at least as a source of witnesses and documents. Plainly, it is inefficient to have parallel actions with related factual and legal issues proceeding in the same court, and such a situation also presents the potential for inconsistent discovery and legal rulings, as well as inconsistent judgments.

---

order work that has not been approved. The viability of that claim, both as a matter of fact and or law, will be of common concern. Accordingly, such decisions should be made in a single unified action to avoid inconsistent rulings and judgments.

[2] Plaintiff's reliance on *Independent Petrochemical Corp. v. Aetna Casualty and Surety Co.,* 105 F.R.D. 106, 110-11 (D.D.C. 1985) for this argument is misplaced. The *Independent Petrochemical Corp.* case involved a tort claim, not a contract issue as here. Moreover, because Independent Petrochemical and its parents had filed for bankruptcy, the case in which the intervention was filed could not finally resolve that dispute—the bankruptcy court would. This latter point, which plaintiff fails to address, figured strongly in the *Independent Petrochemical Corp.* decision. Here, unlike the *Independent Petrochemical Corp.* case, there is no previously filed, alternative forum in which the intervenor can obtain complete relief. In the instant case, the only way MPSC can get complete relief without a multiplicity of suits is through intervention.

It also is plain that plaintiff's case will turn on more than the simple Miller Act issues it has plead and so far discussed, *i.e.* we did the work and have not been paid. For example, plaintiff's demand of $151,958.31 includes nearly $40,000 for change order work that has not been approved by the owner. As plaintiff concedes in its opposition that extra-contractual claims are not cognizable in a suit against the bond and must be brought against the first-tier subcontractor with which it was in privity, it is difficult to see how plaintiff pursues those amounts without bringing into play its contract and relations with Highland, as well perhaps as other subcontractors.

B. **Plaintiff's Position Is Also Inequitable, as it Needlessly Burdens the Other Interested Parties, As Well As The Court.**

Plaintiff's opposition also avoids addressing the fact that its isolated pursuit of its claims against the bond may unfairly prejudice MPSC and the other claimants. Plaintiff erroneously asserts that the total amount of claims being made against the performance bond is $332,263.31, and thus, is less than the face value of the bond, $401,452.00. In reality, the total amount currently being claimed against the performance bond is $830,126.75.[3] This discrepancy will force MPSC and the other claimants to pursue their rights under the bond, in a parallel action if plaintiff has its way, a needlessly complicated and wasteful approach that will also deprive MPSC of the opportunity of avoiding duplicative fees and expenses by providing a unified representation in this case.[4]

---

[3] The amounts claimed by the claimants in MPSC's proposed complaint are Highland, $650,000.00; OMF, $39,425.00; Simplex, $15,400.00; PDK, $47,801.75 and Commercial Carpets of America, $77,500.00. Plaintiff attempts to defend its miscalculation of the amounts at issue by drawing a distinction between the type of monetary claim being made against the bond by Highland, and the type of monetary claim being made against the bond by plaintiff and the other second-tier subcontractors. But these are distinctions without a difference. All of the second-tier subcontractors and Highland have made dollar value claims against the bond for work and materials allegedly provided to the project at issue. These claims differ in amount only. Further, all are subject to the same legal issues and defenses, and all have a common basis in the same sets of facts.

[4] While there is no "concise yet comprehensive definition of what constitutes a litigable 'interest'" under Rule 24, the "interest" test is viewed as a practical guide with the goal of disposing of lawsuits

6

Plaintiff is also mistaken in asserting that MPSC's interests are adequately represented by Hanover. For one thing, Hanover's liability is circumscribed by the amount of the bond, while MPSC may face liability in excess thereof. For another, MPSC was the general contractor on the project and is in a far better position to deal with factual and documentary issues. There is also the matter of MPSC's claims against Highland, including the question of whether false certifications were filed regarding the payment of *Davis-Bacon* wages, in which Hanover has little or no involvement. In any event, MPSC's burden of showing that the representation of its interests may be inadequate is minimal. *Trbovich v. United Mine Workers of America,* 404 U.S. 528, 538 n.10, 92 S.Ct. 630, 636 n.10 (1972). Where an intervenor's interests and that of a party are related but not identical, intervention should be allowed. *See* 404 U.S. at 538-39, 92 S.Ct. at 636.

---

involving as many apparently concerned persons as is compatible with efficiency and due process. *Nuesse v. Camp,* 385 F.2d 694, 700 (D.C. Cir. 1967); *Independent Petrochemical Corp.,* 105 F.R.D. at 109, 110 (citing *Smuck v. Hobson,* 408 F. 2d 175, 178 (.D.C. Cir. 1985). For example, an intervenor has a sufficient interest in a lawsuit if it has an interest in the specific fund at issue therein. *See Mountain Top Condominium Ass'n v. Master Builder, Inc.,* 72 F3d 361, 368 (3rd Cir. 1995). Moreover, in cases such as this where a subcontractor is suing a surety on a performance bond, "[a] general contractor may intervene as of right." *Coleman Capital Corp. v. Fidelity & Deposit Co. of Md.*, 43 F.R.D. 407, 408 (S.D.N.Y. 1967). Moreover, MPSC's interest goes beyond common law contribution and indemnity. MPSC has a real, present, enforceable, contractual duty to indemnify Hanover and has accepted Hanover's tender of its defense in this case.

**Conclusion**

For the reasons set forth above, MPSC respectfully requests leave to intervene as a party-defendant and pursue its rights and interests in this case.

                        Respectfully submitted,

                        _____/s/_____

Niccolò N. Donzella
DC Bar No. 424054, Federal Bar No. 09320
Siobhan R. Keenan
Baxter, Baker, Sidle, Conn & Jones, P.A.
120 East Baltimore Street
Suite 2100
Baltimore, Maryland 21202
(410) 230-3800 – voice
(410) 230-3801 – facsimile

*Attorneys for Proposed Intervenor-Defendant Military Personnel Services Corporation*

Dated: May 10, 2007