UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>FOR THE USE AND BENEFIT OF )<br>POWER SERVICES INCORPORATED )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HANOVER INSURANCE COMPANY )<br>Defendant. )<br>) | Civ. Action No.: 1:07-CV-00304 |

**MEET AND CONFER REPORT**

In accordance the Court's April 3, 2007 Order, Local Rule 16.3 and Federal Rule of Civil Procedure 26, counsel in the above-captioned matter have met and conferred, and hereby report to the Court as follows:

**Statement of the Case:**  This lawsuit involves a construction project located at ACHP 1100 PA. Avenue N.W., 8th Floor, Washington DC, also known as the Old Post Office Pavilion Project("the Project").  Plaintiff, the United States for the use and benefit of Power Services, Inc. ("PSI"), was a second tier subcontractor, providing labor and material to the Project.  Defendant Hanover Insurance Company ("Hanover") was the Miller Act surety of the general contractor on the action.

PSI has alleged that Highland did not pay it for work performed and monies due and owing on the Project within 90 days and that it has filed this action within one (1) year, and that Hanover is, therefore, liable.

Hanover contests its liability on numerous grounds, including those set forth in its answer and those set forth in its bonded principal, Military Personnel Services Co.'s ("MPSC's") Motion

to Intervene. In addition, Hanover contends that Plaintiff has not sued all of the proper parties, and that this action will proceed most efficiently if MPSC is permitted to intervene and bring Highland into the action. PSI strongly disagrees with Hanover's party contentions and believes that all proper parties are already present in this action.

**1.    Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.**

**REPORT:** PSI believe that its claims against the Payment Bond will be disposed of by dispositive motion. Hanover respectfully disagrees and believes that it is unlikely these claims can be decided by dispositive motion. There are too many underlying fact questions that are inappropriate for resolution in this manner.

**2.    The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

**REPORT:** Military Personnel Services Company ("MPSC") has filed a Motion to Intervene and proposed Complaint in Intervention, Complaint in Interpleader and Third Party Complaint in this matter, which have been opposed by PSI. If MPSC's Motion to Intervene is denied Hanover has stated that it intends to bring a third-party complaint against MPSC. MPSC will then, in turn, likely bring in Highland and others.

In any event, PSI does not believe that the inclusion of Highland's other second-tier subcontractors or that MPSC's proposed Complaint in Interpleader would be appropriate. Hanover strongly disagrees that MPSC's Motion to Intervene is inappropriate and believes it is the most efficient means of resolving all the disputes between all the related parties to this matter. The parties believe further that all other parties can and should be joined as soon as possible.

The parties believe some of the factual and legal issues can be agreed upon or narrowed.

**3.    Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

**REPORT:**    The parties do not agree that to this matter should be assigned to a magistrate judge for all purposes, including trial.

**4.    Whether there is a realistic possibility of settling the case.**

**REPORT:**    The parties do not know if there is a realistic possibility of settling the case at this time.

**5.    Whether the case could benefit from the Court's alternate dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients. In assessing the above, counsel shall consider;**

   (i)    the clients goals in bringing or defending the litigation;
   (ii)   whether settlement talks have already occurred and, if so, why they did not produce an agreement;

   (iii)  the point during the litigation when ADR would be the most appropriate, with special consideration given to:

      (aa)   whether ADR should take place after the informal exchange or production through discovery of specific items of information; and

      (bb)   whether ADR should take place after the informal exchange or production through discovery of specific times of information; and

   (iv)   whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and

   (v)    whether cost savings or any other practical advantages would flow from a stay of discovery or of other pre-trial proceedings while an ADR process is pending.

**REPORT:**    The parties believe this case may benefit form utilizing the Court's alternative dispute resolution procedures. The parties believe that any ADR is premature until the parties' disagreements regarding who should be considered proper parties to the action are resolved.

**6.    Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

**REPORT:**    PSI believes that its claim against the Payment Bond can be resolved on dispositive motions, and will file dispositive motions in accordance with the proposed scheduling order set forth below and/or the schedule entered by this Court.  Hanover disagrees as contends that the underlying fact issues in this case are not the sort that can or should be resolved through dispositive motions.

**7.    Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

**REPORT:**    The parties believe an exchange of initial disclosures in accordance with Rule 26(a)(1), within 15 days of the date of the Initial Scheduling Conference, will be beneficial.

**8.    The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery (e.g., number of interrogatories, number of depositions, durations of deposition); whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admission, and depositions.**

**REPORT:**    The parties agree to the following discovery schedule:

| | |
|---|---|
| Close of fact discovery | October 15, 2007 |
| Expert Witness Disclosures (per Fed.R.Civ.Pro. 26(a)(2) and LCvR 16.3) | August 15, 2007 |
| Opposition Expert Witness Disclosures | September 14, 2007 |
| Rebuttal Expert Witness Disclosures | October 1, 2007 |
| Deadline for Dispositive Motions | October 22, 2007 |
| Response to Dispositive Motions | November 6, 2007 |
| Reply to Dispositive Motions | November 14, 2007 |

4

Each party shall be limited to no more than 30 (including subparts) interrogatories to another party.

**9.     Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), Fed.R.Civ.P. should be modified, and whether and when depositions of experts should occur.**

**REPORT**:     See schedule for exchange of expert witness reports set in paragraph 8 above.

**10.     In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or evidentiary hearing on the motion and a proposed date for decision.**

**REPORT**:     Not applicable.

**11.     Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

**REPORT**:     The parties do not believe that this matter would benefit from bifurcation.

**12.     The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

**REPORT**:     The parties respectfully request that the pretrial conference be scheduled on or after February 1, 2008.  The parties shall exchange Pretrial Statements in accordance with Local Rule 16.5 (not less than eleven days prior to the Pretrial Conference).

**13.     Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

**REPORT**:     The parties respectfully request that the trial date be set at the pretrial conference.

5

Dated:  May 15th, 2007                                        Respectfully submitted,


                                                                        /s/ Scott C.Hofer
                                                                        Scott C. Hofer, Esq. (Bar #MD27198)
                                                                        Quagliano & Seeger, P.C.
                                                                        21355 Ridgetop Circle, Suite 110
                                                                        Dulles, Va. 20166
                                                                        Telephone:     (571) 434-7590
                                                                        Facsimile:     (571) 434-9006
                                                                        Email: hofer@quagseeg.com
                                                                        *Counsel for Plaintiff,*
                                                                        *Power Services Incorporated*



                                                                        /s/ Dawn C. Stewart
                                                                        Dawn C. Stewart, Esq. (Bar No. 458555)
                                                                        Stewart & Henry, PLLC
                                                                        1005 Connecticut Avenue, N.W.
                                                                        Suite 1000
                                                                        Washington, D.C. 20036
                                                                        Telephone:    (202) 772-1080
                                                                        Facsimile:    (202) 521-0616
                                                                        Email: dstewart@stewarthenrylaw.com
                                                                        *Counsel for Defendant,*
                                                                        *Hanover Insurance Company*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>FOR THE USE AND BENEFIT OF )<br>POWER SERVICES INCORPORATED )<br>    )<br>    Plaintiff, )<br>    )<br>v.   ) Civ. Action No.: 1:07-CV-00304<br>    )<br>HANOVER INSURANCE COMPANY )<br>    Defendant. )<br>    ) | |

**PROPOSED SCHEDULING ORDER**

Pursuant to the parties' Local Rule 16.3 and Federal Rule of Civil Procedure 26 Meet and Confer Report, it is this ____ day of _____, 2007 hereby

**ORDERED** that no additional parties shall be joined without leave of Court, and it is

**FURTHER ORDERED** that discovery shall be conducted in accordance with the following schedule and guidelines:

(a)  The parties shall exchanged initial disclosures as required by Rule 26(a)(1);

(b)  Deadline for Written Discovery Requests shall be September 14, 2007;

(c)  Interrogatories shall be limited to 30 (including parts and sub-parts) to another party;

(d)  Deadline for Proponent's Rule 26(a)(2) statements and reports shall be August 15, 2007;

(e)  Deadline for Opponent's Rule 26(a)(2) statements and reports shall be September 14, 2007;

(f)  Deadline for Dispositive Motions shall be October 22, 2007;

2

    (g)    Deadline for Responses to Dispositive Motions shall be November 6, 2007;

    (h)    Deadline for Reply to Dispositive Motions shall be November 14, 2007; and it is,

**FURTHER ORDERED** that the pretrial conference shall be scheduled for February 1, 2007, or as soon as possible thereafter; and it is,

**FURTHER ORDERED** that the parties shall exchanged Pretrial Statements in accordance with Local Rule 16.5.

**SO ORDERED.**

_____
The Honorable Richard W. Roberts
U.S. District Court for the District of Columbia