UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA for the use and benefit of POWER SERVICES INC., | |
| Plaintiff, | Civil Action No.  07-304 RWR/DAR |
| v. | |
| HANOVER INSURANCE GROUP, INC. d/b/a HANOVER INSURANCE CO., | |
| Defendant. | |

## ORDER

Pending for determination by the undersigned United States Magistrate Judge is Military

Personnel Services Corporation's Motion to Intervene (Document No. 4).  Military Personnel

Services Corporation ("MPSC" or "movant") requests leave to intervene in the above-captioned

action as a party defendant pursuant to Federal Rule of Civil Procedure 24(a)(2).  MPSC

contends that it has a substantial legal interest in the subject matter of the lawsuit; that there is

substantial risk that its ability to protect its interest may be impaired without intervention; and

that the present parties may not adequately represent its interests.  Military Personnel Services

Corporation's Motion to Intervene ("Movant's Motion") at 1-3.  MPSC also contends that its

motion is timely.  *Id*. at 3.[1]

Upon consideration of the motion, the memoranda in support thereof and in opposition

---

[1]"For an applicant to intervene as of right, it must show that its motion is timely, that it has an interest in the subject property, that its interest will be impaired if the proceeding progresses without the applicant, and that it is now inadequately represented."  *Burka v. Aetna Life Ins. Co.*, 917 F. Supp. 8, 12 (D.D.C. 1996).

Power Services Inc. v. Hanover Ins. Co.                                              2

thereto and the entire record herein, MPSC's motion will be **DENIED** for the reasons offered by

Plaintiff in its opposition and at oral argument.  More specifically, the undersigned finds that

movant has timely filed its motion, but has not satisfied the other requirements of Federal Rule of

Civil Procedure 24(a)(2) for intervention as a matter of right.  *See Burka*, 917 F. Supp. 12.  Most

significantly, while movant contends that it seeks intervention to protect its interests, it actually

contemplates impleading as claimants against the bond at issue in this action four parties "known

to have asserted such claims," and additionally, asserting its own claims against the first-tier

subcontractor.  Movant's Motion, Exhibit 1, ¶4.  The undersigned finds that intervention on the

terms proposed by the movant would dramatically alter the parameters of the instant action by the

addition of at least four new parties and the expansion of the causes of action.  While movant is

free to pursue its viable claims in another action, it may not do so under the rubric of intervention

as of right.[2]

       With respect to movant's contention that the surety (Defendant) can not adequately

represent its interests, the undersigned finds that movant has not offered any reason as support for

the contention; indeed, counsel for movant conferred with Defendant's counsel during the

hearing on the motion.

       For the foregoing reasons, it is, this 11th day of July, 2007,

---

[2]Movant relied on *Coleman Capital Corp. v. Fidelity & Deposit Co. Of Md.*, 43 F.R.D. 407 (S.D.N.Y. 1967) as its major case to support its argument, submitting that it was on point with the issues in this case.  However, the decision is inapplicable, and, in any event, was decided by a state court 40 years ago.

Power Services Inc. v. Hanover Ins. Co.                                                    3

      **ORDERED** that  Military Personnel Services Corporation's  Motion to Intervene

(Document No. 4) is **DENIED.**

                                                   /s/
                                     DEBORAH A. ROBINSON
                                     United States Magistrate Judge